```
1   DOUGLAS SCOTT MAYNARD (SBN 90649)
    LAWRENCE M. BOESCH (SBN 114658)
2   LAW OFFICES OF MAYNARD & HOGAN            **E-filed 7/27/05**
3   1475 S. Bascom Avenue, Suite 115
    Campbell, California  95008
4   Telephone:  (408) 559-8990
    Facsimile:  (408) 559-7860
5
6   Attorneys for Respondent
    IDEC CORPORATION
7
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
11
    AMERICAN MOTORISTS INSURANCE      Case No. C01-20821 JF ARB; and
12  COMPANY, INC., an Illinois        Case No. C02-01723  JF PVT
    Corporation,
13
                                      RESPONDENT'S SUPPLEMENTAL CASE
14           Petitioner,               MANAGEMENT CONFERENCE STATEMENT
                                       and Order Continuing CMC Date to 9/9/05
15  v.                                DATE:   08/05/05
                                      TIME:   10:30 a.m.
16                                    DEPT:    3
    IDEC CORPORATION, a California    JUDGE:  The Honorable Jeremy D.
17  Corporation,                                Fogel
18           Respondent.
19  _____
20  AND RELATED, REMOVED AND STAYED
21  STATE ACTION
22
```

Pursuant to Local Rules 235-3 and 16-14, Respondent files this Supplemental Case Management Conference Statement. This Statement is being filed unilaterally, rather than as a Joint Statement. On July 25, 2005, counsel for Respondent learned for

1

RESPONDENT'S SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C01-20821 JF ARB
Case No. C-2-1723 JF PVT

the first time that Petitioner had mail-served and e-filed its Supplemental Case Management Conference Statement.

No attempt had been made first, to seek joint approval or to collaborate in its contents.

**STATUS OF CASE**

This case is set for appraisal of property damage under a provision of the Respondent's insurance policy issued by the Petitioner. On July 6, 2005, Court-appointed Umpire, Jack Eskridge held a preappraisal hearing for *in limine* motions and other concerns. Without any contact with Respondent or its counsel, one of the appraisers, Daniel Chekene, who had been appointed by Respondent, had miscalendared the hearing, thinking that it was to go on one of the days in the week of 7/11-15, rather than on all of those dates.

An outcome of the 7/6/05 preappraisal hearing was that discovery, which had previously ordered, by Mr. Eskridge, to close on June 3, 2005, was reopened. It was set to close again on July 29, 2005.

Numerous discovery disputes and renewed motions in limine for exclusion of testimony and documentary evidence from experts disclosed by each side have ensued. The meet-and-confer between counsel has been rancorous. Umpire Eskridge has indicated in

writing that he will not rule on any of these motions until after discovery has closed on July 29th.

The appraisal hearing is set for August 8-12, 2005. Umpire Eskridge has made it clear that it will not be postponed or rescheduled "unless someone dies." Mr. Hirsch, for Petitioner, estimated the time required for his case, at two (2) weeks; Mr. Boesch, representing Respondent, gave a two (2) day-estimate for his case.

Hirsch probably overestimates the amount of cross-examination his witnesses will draw; Boesch probably underestimates the amount of time that Hirsch and his associate, Barrett B. Braun, will spend questioning Respondent's witnesses.

Each party has disclosed over a half-dozen expert witnesses; Petitioner has also two (2) "non-retained experts," along with having gained leave to depose Respondent's lead counsel of record, Douglas Scott Maynard, on the grounds that he will testify at the hearing as a percipient witness.

By the 7/29 close of discovery, all of Respondent's experts will have been deposed, in addition to its lead counsel, except for one expert witness who has indicated that he may no longer want to serve in the matter. That expert has not responded to inquiry either from Respondent's counsel or from Petitioner's

RESPONDENT'S SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C01-20821 JF ARB
Case No. C-2-1723 JF PVT

counsel, as to his intentions. His testimony is the subject of a motion *in limine* by Petitioner.

By the 7/29 close of discovery, only three (3) of Petitioner's witnesses disclosed as experts will have been deposed. The reasons are the subject of Respondent's *in limine* motions, to be heard by Umpire Eskridge.

**RESOLUTION OF THE 8/5/05 CMC**

It is respectfully submitted that the Court might continue the Case Management Conference until some time in September 2005, in the prospect that there may be more time needed after August 12, 2005, for the panel to finish its business. Once the matter is submitted, the panelists may take some time to render their award, and, if they cannot agree, the insurance policy provides that the Umpire is to set the amount, taking the panelists' evaluations into consideration.

                                        Respectfully submitted,

DATED: July 26, 2005            LAW OFFICES OF MAYNARD & HOGAN


                                By: _____
                                    LAWRENCE M. BOESCH, ESQ.
                                    Attorneys for Respondent

The Case Management Conference is continued to 9/9/05 at 10:30.
It is so Ordered.  7/27/05            Judge Jeremy Fogel /s/electronic signature
                                      United States District Court

C:\wp51\dsm\idec\amico\Supp CMC Stmt.03

4

RESPONDENT'S SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C01-20821 JF ARB
Case No. C-2-1723 JF PVT